IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD S. WISER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 09-CV-91E |
| | ) |
| ASI-AGRISERVE, INC. d/b/a | ) |
| AGRISERVE INSURANCE, INC., | ) |
| | ) |
| Defendant | ) |

MEMORANDUM ORDER

On April 20, 2009, Defendant filed a notice of removal [Doc. #1]. On April 27, 2009, Defendant filed a "Motion to Dismiss Under Rule 12(b)" with respect to Plaintiff's Complaint [Doc. # 5]. On May 18, 2009, Plaintiff filed an Amended Complaint [Doc. #7] and a "Motion to Deem as Moot Defendant ASI-Agriserve Inc.'s Motion to Dismiss Under 12(b) or in the alternative, Plaintiff's Motion for extension of time to file Response to Defendant's 12(b) motions" [Doc. #9] in which Plaintiff asks this Court either to deny Defendant's Motion to Dismiss as moot based upon his filing an amended complaint or to grant Plaintiff additional time to file a response to the motion to dismiss.

As recently explained by the court in Calloway v. Green Tree Servicing, LLC, 599 F.Supp.2d 543 (D. Del. 2009):

> A party may amend its complaint once without the opposing party's consent or the court's leave if the party has not yet been served with a responsive pleading. Fed. R. Civ. P. 15(a). A motion to dismiss is not a "responsive pleading" under Rule 15. See, e.g., Shane v. Fauver, 213 F.3d 113, 115 (3d Cir.2000). Therefore, defendant's motion to dismiss does not preclude plaintiffs from amending their complaint, for what is here the first time, as a matter of course.
> 
> . . .

> Defendant's motion to dismiss is responsive to plaintiffs' original complaint. As the amended complaint has superseded the original, defendant's motion to dismiss has become moot.

Id. at 546. Given Plaintiff's filing of his Amended Complaint, Defendant's motion to dismiss Plaintiff's original Complaint is moot. Defendant is not precluded from raising any and all issues raised in its motion to dismiss Plaintiff's original Complaint in any subsequent motion. See In re Colonial Ltd. Partnership Litigation, 854 F. Supp. 64, 80 (D. Conn. 1994).

AND NOW, this 20th day of May, 2009, it is hereby ORDERED, ADJUDGED AND DECREED that Defendant's "Motion to Dismiss Under Rule 12(b)" [Doc. #5] is DENIED WITHOUT PREJUDICE as moot and Plaintiff's "Motion to Deem as Moot Defendant ASI-Agriserve Inc.'s Motion to Dismiss Under 12(b) or in the alternative, Plaintiff's Motion for extension of time to file Response to Defendant's 12(b) motions" [Doc. #9] is GRANTED to the extent it requests Defendant's motion to dismiss be denied as moot and otherwise DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Judge