## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD S. WISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09-CV-91E |
| | ) | |
| ARCHER DANIELS MIDLAND | ) | |
| COMPANY, AGRINATIONAL | ) | |
| INSURANCE COMPANY, | ) | |
| AMERICAN ALTERNATIVE | ) | |
| INSURANCE CORPORATION, | ) | |
| AGRISERVE, INC. d/b/a ASI- | ) | |
| AGRISERVE INC., d/b/a | ) | |
| AGRISERVE  INSURANCE, INC. , | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## OPINION

Pending before the Court is Plaintiff Harold Wiser's "Motion to Stay the Trial of the Action Pursuant to 9 U.S.C.A. § 3" ("Motion to Stay") [Doc. #20].  Defendants oppose the Motion to Stay and have filed a Response to Plaintiff's Motion to Stay [Doc. #21].  For the reasons set forth below, Plaintiff's Motion to Stay is granted.

### I. Summary of Plaintiff's Arguments.

In support of his Motion to Stay, Plaintiff contends that this case should be stayed because the parties "are currently involved in arbitration proceedings in front of the American Arbitration Association with regard to matters involved in this case pursuant to an arbitration clause contained in the Policy of Insurance.  (AAA Case No. 14 195 01733

08)." Motion to Stay, ¶ 14.  In support thereof, Plaintiff cites to section 20(a) of the

insurance policies at issue in this case as well as Plaintiff's Demand for Arbitration.  Id. at

¶¶ 15 and 16.

Plaintiff acknowledges that only "certain issues in regard to Plaintiff's Breach of

Contract claims, in this case, . . . are referable to arbitration 'under an agreement in

writing for such arbitration'," but argues that the entire case should be stayed, including

the claims regarding the alleged bad faith and fraudulent conduct of the defendants

because "there are factual issues [with respect to those claims] which are similar to the

issues being arbitrated." Id. at ¶¶ 18, 20. Plaintiff also contends that staying the entire

case pending arbitration of the breach of contract claims will "conserve judicial resources

and further judicial economy," as well as "avoid inconsistent findings and

determinations" and none of the parties "will be prejudiced by any delay in this matter"

because the arbitration is scheduled for October 27 and 28, 2009."  Id. at ¶¶ 23-25.

**II. Summary of Defendants' Arguments.**

In their Response to Plaintiff's Motion to Stay the case, Defendants state that "[a]

stay of this action is not appropriate." Defendants' Response to Motion to Stay, ¶ 1. "Both

this case and the arbitration can proceed on parallel tracks without impacting the other."

Id. at ¶ 5. In support thereof, Defendants first argue that it is within this Court's discretion

to stay litigation of non-arbitrable claims or issues and that while Plaintiff's breach of

contract claim against them is required to be arbitrated, the remainder of Plaintiff's claims

2

against them are tort claims which are separate and distinct causes of action and not

subject to the arbitration requirement of the insurance policy at issue or the applicable

federal regulations. Id. at ¶¶ 2-3. With respect to the breach of contract claim, Defendants

argue that instead of staying this count, the Court should rule on their Motion to Dismiss

the breach of contract claim "as being subject to the mandatory arbitration provided for in

the policy and federal regulations without prejudice to the arbitration and/or the rights of

either party to appeal the results of the arbitration pursuant to the policy and federal

regulations." Id. at ¶ 4.

### III. Legal Analysis.

### A. Arbitrable Issues contained in the Amended Complaint.

9 U.S.C.A. § 3 is titled "Stay of proceedings where issue therein referable to

arbitration" and states:

> If any suit or proceeding be brought in any of the courts of the United States
> upon any issue referable to arbitration under an agreement in writing for
> such arbitration, the court in which such suit is pending, upon being
> satisfied that the issue involved in such suit or proceeding is referable to
> arbitration under such an agreement, shall on application of one of the
> parties stay the trial of the action until such arbitration has been had in
> accordance with the terms of the agreement, providing the applicant for the
> stay is not in default in proceeding with such arbitration.

Id. For arbitrable issues, a §3 stay is mandatory. See Shearson/American Express, Inc. v.

McMahon, 482 U.S. 220, 226, 107 S.Ct. 2332 (1987) ("[A] court must stay its

proceedings if it is satisfied that an issue before it is arbitrable under [an]

3

agreement. . . ."). See also Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218, 105

S.Ct. 1238, 84 L.Ed.2d 158 (1985) ("By its terms, the [FAA] leaves no place for the

exercise of discretion by a district court, but instead mandates that district courts shall

direct the parties to proceed to arbitration on issues as to which an arbitration agreement

has been signed."). Significantly, the Third Circuit has articulated a "strong presumption

in favor of arbitration," holding that "doubts 'concerning the scope of arbitrable issues

should be resolved in favor of arbitration'." Great Western Mortg. Corp. v. Peacock, 110

F.3d 222, 228 (3d Cir.1997) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr.

Corp., 460 U.S. 1, 24, 103 S.Ct. 927 (1983)). Finally, "[t]o determine whether a claim

falls within the scope of an arbitration agreement, the focus is on the factual

underpinnings of the claim rather than the legal theory alleged in the complaint."

Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 55 (3d Cir.

2001).

Section 20(a) of the insurance policies at issue in this case unambiguously states:

If you and we fail to agree on any determination made by us except those
specified in section 20(d) [which is not applicable in this case], the
disagreement may be resolved through mediation in accordance with
section 20(g). If resolution cannot be reached through mediation, or you
and we do not agree to mediation, the disagreement must be resolved
through arbitration in accordance with the rules of the American Arbitration
Association (AAA), except as provided in sections 20(c) and (f) [also not
applicable under the facts of this case], and unless rules are established for
this purpose.

4

Id. Plaintiff's breach of contract claim is based upon in part on Plaintiff's disagreement with the Defendants' determination that Plaintiff was not entitled to benefits under these insurance policies. See Amended Complaint, ¶ 149 ("The Defendants breached the contract with regard to the Plaintiff as a result of the aforementioned actions and conduct of ASI and the acts of bad faith committed by ASI in its adjustment of the Plaintiff's prevented planting claim and, based on ASI's claims, the condonation and ratification of the same."). Plaintiff's Demand for Arbitration states that "[Plaintiff] disagrees with the determination rendered by ASI dated August 25, 2008 and therefore demands arbitration." Exhibit 1 to Plaintiff's Motion to Stay. As such, we find that Plaintiff's breach of contract claim contains an issue that is referable to arbitration under the Policy. Therefore, 9 U.S.C.A. § 3 mandates that adjudication of this issue be stayed pending completion of AAA Case No. 14 195 0173308, as opposed to Defendants' contention that the claim should be dismissed.

## B. Non-Arbitrable Issues Contained in the Amended Complaint.

As stated above, Plaintiff concedes that the bad faith and fraudulent conduct claims set forth in his Amended Complaint are not subject to the arbitration clause contained in the policies at issue in this case, but nevertheless asks this Court to exercise its discretion and stay the entire case pending completion of AAA Case No. 14 195 0173308. To the contrary, the Defendants contend that arbitration and this litigation can occur simultaneously and without overlap.

5

Upon review of the allegations contained in Plaintiff's Amended Complaint, we find that the factual bases underlying the breach of contract claim and the tort claims are interrelated and therefore, it is in the best interests of all involved, the Court and parties alike, to stay the entire proceedings pending completion of AAA Case No. 14 195 0173308. See Amended Complaint, ¶ 149, *infra*. Accordingly, we exercise our discretion to stay the litigation of all of the claims in this matter pending the conclusion of AAA Case No. 14 195 0173308.

## IV. Conclusion.

Plaintiff's Motion to Stay is granted. An Appropriate Order follows.

October 22, 2009

*Maurice B. Cohill, Jr.*

Maurice B. Cohill, Jr.
Senior District Court Judge

6